IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-069 |
| ) | |
| WARDEN VANCE LAUGHLIN, and ) | |
| GEORGIA BOARD OF PARDONS AND ) | |
| PAROLES, ) | |
| ) | |
| Respondents. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action brought ostensibly pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), that Petitioner's motion for an expedited ruling be **DENIED AS MOOT** (doc no. 5.), and this action be **DISMISSED** without prejudice.

**I.      BACKGROUND**

Petitioner alleges due process, equal protection, and Eighth Amendment violations in connection with the Georgia Board of Pardons and Paroles' decision to deny him parole. (Id. at 8). Petitioner is currently serving a sentence of life imprisonment for an armed robbery committed in 1987. (Doc. no. 1-2, pp. 15-16.) Petitioner was originally considered and denied parole on June 9, 1994. (Id. at 30.) Petitioner has been reconsidered and denied parole on three occasions, May 1, 2002, May 14, 2010, and March 6, 2014. (Id.) Petitioner filed a petition for a

writ of mandamus contesting the parole denial on March 6, 2014 in the Fulton County Superior Court on December 31, 2014, which was denied because Petitioner failed to name a proper defendant. (Id. at 33; Doc. no. 1-1, p. 84.) On April 24, 2015, Petitioner made an application for discretionary appeal to the Supreme Court of Georgia, which was denied on May 20, 2015. (Doc. no. 1-2, p. 34.)

Petitioner's constitutional claims allege that the Parole Board has (1) failed to use or apply a criteria that demonstrates or shows his release will not be compatible with the welfare of society; (2) failed to promulgate rules setting eligibility requirements for parole; (3) erred in applying different standards to inmates with determinate sentences; and (4) erred in allowing Parole Board staff to sign off on parole decisions instead of the appointed members of the Board. (Id. at 6- 12.) However, Petitioner notes that the "allegations in this petitioner are NOT to be construed that the Petitioner claims he has a constitutional right to be released on parole," but rather he has a Constitutional right to be reconsidered for parole pursuant to Georgia's parole statutes. (Id. at 34.)

## II. DISCUSSION

### A. Petitioner's Challenge is not Properly Brought under 28 U.S.C. § 2241.

Although Petitioner has labeled this action as brought pursuant to § 2241, the petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). Section 2241 empowers the Court to act only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner does not contend that he is entitled to release

2

from prison. Instead, Petitioner is clear that he simply wishes to be reconsidered for parole under the correct criteria and standards under Georgia law, and that the Parole Board has violated his due process rights by not using the correct criteria under Georgia law. (Doc. no. 1-2, pp. 6-12.) In essence, Petitioner claims that he was not properly considered for parole and that the Parole Board simply issued the same boilerplate denial that was given in his previous denial. (See generally doc. no. 1.)

Because Plaintiff is bringing a procedural due process challenge against the Board's use of rules and criteria in denying him parole, Petitioner's action lies under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2241. See Wilkinson, 544 U.S. at 82 (holding that prisoners could challenge constitutionality of state parole procedures in action under § 1983 seeking declaratory and injunctive relief); Tooma v. Florida Parole Comm'n, 612 F. Supp. 2d 1255, 1258 (S.D. Fla. 2009) aff'd sub nom. Tooma v. David, 381 F. App'x 977 (11th Cir. 2010) (finding that § 1983 was the appropriate vehicle for challenging Florida's parole procedure of allowing a judicial objection). Petitioner's action does not lie in habeas corpus because he does not seek release and his claims would not necessarily result in his release. See Wilkinson, 544 U.S. at 81. Further, the Eleventh Circuit has held that the remedies within 28 U.S.C. § 2254 and 42 U.S.C. § 1983 are mutually exclusive.[1] Thomas v. McDonough, 228 F. App'x 931, 932 (11th Cir. 2007). Accordingly, Petitioner cannot maintain this action under 28 U.S.C. § 2241, and his claims are properly construed as being brought under 42 U.S.C. § 1983.

---

[1] Even if Petitioner was claiming entitlement to immediate release, his remedy would lie in 28 U.S.C. § 2254, not § 2241. Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004).

### B. Plaintiff's Action is Subject to Dismissal under 42 U.S.C. § 1983.

Petitioner is not entitled to proceed IFP to assert claims under 42 U.S.C. § 1983 because he has accumulated three-strikes. A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

#### 1. Prior Filing History

Plaintiff's history of filings reveals that he has brought at least three cases and/or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Moore v. Garner, CV 198-1787 (N.D. Ga. June 22, 1998) (dismissed for failure to state a claim; appeal dismissed as frivolous); (2) Moore v Thomas, CV. 694-010 (S.D. Ga.

Jan. 13, 1994) (appeal dismissed as frivolous); and (3) Moore v. Thomas, CV 693-044 (S.D. Ga. May 10, 1993) (appeal dismissed as frivolous). In each of these cases, Plaintiff filed a complaint and/or appeal that was dismissed for failure to state a claim or dismissed as frivolous. Therefore, these previously dismissed cases and/or appeals qualify as strikes under § 1915(g). As Plaintiff has three strikes, he cannot proceed IFP unless he can show that he qualifies for "the imminent danger of serious physical injury" exception to § 1915(g).

### 2. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff only alleges constitutional violations in connection with his parole determination and does not make any allegations of imminent danger. Accordingly, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), that Petitioner's motion for an expedited ruling be **DENIED AS MOOT**, (doc no. 5.), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit under 42 U.S.C. § 1983, which would require submission of a new

complaint and prepayment of the entire filing fee of $400.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA