ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 DEC -3 AM 9:59

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID TIMOTHY MOORE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV 315-069 |
| WARDEN VANCE LAUGHLIN, and GEORGIA BOARD OF PARDONS AND PAROLES, | ) ) ) ) ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 8). The Magistrate Judge recommended dismissal of the habeas petition because it does not seek or necessitate release, and Petitioner's three-striker status prevented him from bringing the claims under § 1983. Petitioner now objects that his petition seeks release and was brought properly as a habeas petition. (Doc. no. 8.)

Petitioner's claims for release are conditional because he is only claiming entitlement to release if he meets the criteria he seeks to be established by the Georgia Board of Pardon and Paroles. (Doc. no. 1-2, pp. 13-14.) In light of Petitioner's claims that there essentially are no criteria for the Parole Board to follow in making parole determinations, Petitioner's claim for release can only be viewed as ancillary to his demands that the Parole Board

establish some type of criteria for making their determinations. (See id.) Indeed, Petitioner demands release if he "meets the criteria for release that will be established pursuant to subparagraphs a, c, & d above." (Id. at 14.) Thus, Petitioner's claim is not that he is unlawfully confined because he meets the criteria for parole. See 28 U.S.C. § 2254(a). Rather, his claim is that he may be entitled to release if he meets the criteria to be established in the future by the Parole Board.

Even considering the merits of the petition, Petitioner must show a constitutional violation to obtain relief under 28 U.S.C. § 2254. Tooma v. Florida Parole Comm'n, 612 F. Supp. 2d 1255, 1259 (S.D. Fla. 2009) aff'd sub nom. Tooma v. David, 381 F. App'x 977 (11th Cir. 2010). Petitioner brings three types of claims in his habeas petition: procedural due process claims, equal protection claims, and Eighth Amendment claims. (Doc. no. 1-2, pp. 6-12.) Petitioner cannot state a claim under the Due Process Clause in Grounds Two and Five because Georgia's parole legislation does not establish a liberty interest in parole. Sultenfuss v. Snow, 35 F.3d 1494, 1502 (11th Cir. 1994). Petitioner cannot state a claim under the Eight Amendment in Grounds Six, Seven, and Eight because being denied parole is a "mere disappointment" rather than cruel and unusual punishment. Slakman v. Buckner, 434 F. App'x 872, 875 (11th Cir. 2011).

Finally, Petitioner cannot state a claim under the Equal Protection Clause in Grounds One, Three, and Four because he does not allege discriminatory treatment based on a constitutionally protected interest. Id. at 876. Grounds One and Three simply rehash his due process claims that the Parole Board has failed to establish appropriate criteria, and Ground

2

Four alleges a distinction made by the Parole Board among those serving determinate and indeterminate sentences, a distinction that is not constitutionally protected. See Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Petitioner's request to proceed IFP (doc. no. 2.), **DENIES AS MOOT** Petitioner's motion for an expedited ruling (doc. no. 5.), and **DISMISSES** this action.

SO ORDERED this 3rd day of December, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3