IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

DAVID TIMOTHY MOORE,

    Petitioner,

vs.

WARDEN VANCE LAUGHLIN,
and GEORGIA BOARD OF
PARDONS AND PAROLES,

    Respondent.

CIVIL ACTION NO.
CV 315-069

# O R D E R

The Eleventh Circuit recently remanded this case to this Court for a ruling on Petitioner's motion for a certificate of appealability ("COA").

On June 16, 2015, Petitioner David Timothy Moore, a state prisoner, filed a "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241." Petitioner is serving a life sentence for an armed robbery committed in 1987. In his petition, he challenges the process by which the Georgia Board of Pardons and Paroles handled his parole application.

In the Report and Recommendation issued on October 20, 2015, the United States Magistrate Judge explained that while Petitioner filed his petition under § 2241, this is not a § 2241 case. Rather, the case is one that should have been brought under 42 U.S.C. § 1983. (See Doc. No. 6, at 3 ("Petitioner's action does not lie in habeas corpus because he

does not seek release and his claims would not necessarily result in his release." (cited source omitted)).) Having so concluded, the Magistrate Judge recommended that the petition be dismissed under the three-strikes provision of the Prison Litigation Reform Act.

Petitioner timely filed objections to the Report and Recommendation. Upon consideration thereof, this Court reiterated that Petitioner was not seeking immediate release but rather that the Georgia Board of Pardons and Paroles establish some type of criteria for making parole determinations. Consequently, this Court adopted the finding that the petition sounded in a § 1983 action and not habeas corpus. The Court went on to state that even if the case were considered a habeas petition under 28 U.S.C. § 2254, Petitioner had not shown a constitutional violation warranting relief. The Court adopted the Report and Recommendation as its opinion and dismissed the action on December 3, 2015.

On January 4, 2016, Petitioner filed a notice of appeal. He also moved for a COA in the case. This Court entered its typical FRAP Order, which denied Petitioner the right to proceed in forma pauperis on appeal and stated that Petitioner had "failed to make a substantial showing of the denial of a constitutional or federally protected right." (Doc. No. 14.) In light of this language, the Clerk of Court terminated the motion for COA as denied. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . .only if the

applicant has made a substantial showing of the denial of a constitutional right.")

Despite the finding in the FRAP Order that Petitioner in this case had not made the requisite showing to issue a COA, the Eleventh Circuit Court of Appeals remanded this case for a definitive ruling on his motion for a COA.

Upon review of the case, this Court doubts that a COA is even necessary for this Petitioner to appeal. The Eleventh Circuit stated: "With respect to the district court's denial of Moore's § 2241 petition, a COA is required before his appeal may proceed." (Moore v. Warden, Case No. 16-10056-A (11th Cir. Aug. 4, 2016), Doc. No. 16.) However, this Court has determined that this is not a § 2241 case, but a § 1983 case. A COA is not necessary to appeal in a § 1983 case.[1] Nevertheless, to the extent that this Court must definitively rule upon Petitioner's COA request, the motion for a COA is hereby **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional or federally protected right.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This is the reason that this Court used the FRAP Order for "All civil cases _other than_ Habeas Corpus cases." (See Doc. No. 14.)